UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Randall Futch, # 08700-021, | ) |
| | ) |
| | ) C/A No. 6:13-1328-RBH-KFM |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Steve Mora, *Warden*, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

## *Background of this Case*

Petitioner is an inmate at FCI-Estill. Respondent is the Warden of FCI-Estill. In the original Section 2241 Petition (ECF No. 1) docketed on May 20, 2013, Petitioner sought access to his "legal property" relating to a pending request for administrative remedy (No. 712016-A-2). In the original Petition, Petitioner did not disclose what matter Administrative Remedy No. 712016-A-2 concerns, but the Complaint in Petitioner's pending civil rights case, *Futch v. Mora*, Civil Action No. 6:13-1220-RBH-KFM, indicates that Administrative Remedy No. 712016 concerns Petitioner's medical care.

Petitioner subsequently filed a motion to amend and sought to add a claim relating to his being placed in the Special Housing Unit (ECF No. 13). On June 17, 2013, Petitioner submitted an Amended Petition on the court-promulgated Section 2241 form (ECF No. 18), wherein he incorporates by reference his prior grounds, but also alleges that he has been threatened at FCI-Estill.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Amended Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Petitioner is raising civil rights claims in this habeas corpus action. Those claims include deliberate indifference to medical needs, *Smith v. Smith*, 589 F.3d 736 (4th Cir. 2009) (reversing grant of summary judgment in case alleging deliberate indifference to serious medical needs), and deliberate indifference to a prisoner's safety, *Brown v. North Carolina Dep't of Corr.*, 612 F.3d 720, 721–24 (4th Cir. 2010) (vacating a district court's dismissal under § 1915A because the plaintiff's allegations sufficiently stated a claim of deliberate indifference to an excessive risk to inmate health or safety). Since Administrative Remedy No. 712016 A-2, Petitioner's medical care, and Petitioner's safety do not affect the duration of Petitioner's confinement, Petitioner's remedy does not lie in

habeas corpus. *Littlejohn v. South Carolina*, Civil Action No. 6:10-0745-RBH-WMC, 2010 WL 1664889, at *2 (D.S.C. Apr. 2, 2010) (collecting cases), *adopted by* 2010 WL 1664887 (D.S.C. Apr. 23, 2010).

Plaintiff's medical care and nutrition are already the subject of a pending civil rights action, *John Randall Futch v. Steve Mora, Warden and or Administrator for Medical Department*, Civil Action No. 6:13-1220-RBH-KFM, which was filed thirteen days before the above-captioned case. Plaintiff has a full and fair opportunity to litigate his medical claims in Civil Action No. 6:13-1220-RBH-KFM. In the above-captioned case, this Court may take judicial notice of Civil Action No. 6:13-1220-RBH-KFM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

### *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without requiring Respondent to file an Answer or other response. Petitioner's attention is directed to the important notice on the next page.

June 20, 2013                                                s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).