IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John Randall Futch, #08700-021, ) | Civil Action No.: 6:13-cv-01328-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Steve Mora, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner John Randall Futch, a federal prisoner proceeding *pro se*, filed this petition under 28 U.S.C. § 2241, alleging several claims against Respondent Steve Mora. The matter is now before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] The Magistrate Judge recommends that this Court dismiss Petitioner's petition because his claims either are not cognizable in a § 2241 petition or have already been raised in an action pending before the Court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed a § 2241 petition in May 2013, alleging that Respondent has deprived him of a right to appeal his administrative remedy. Pet., ECF No. 1. Petitioner later amended his petition, adding allegations that prison officials illegally placed him in the special housing unit. Am. Pet. ECF No. 13, 18. The Magistrate Judge issued an R&R on June 20, 2013, recommending that the petition be dismissed. R&R, ECF No. 22. Petitioner filed timely objections. Pet'r's Objs., ECF No. 25.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition because his claims either are not cognizable in a § 2241 petition or have already been raised in an action pending before the Court. In his objections, Petitioner only argues that the Magistrate Judge was "misplaced" in reading his petition as alleging he was being "threatened" at FCI-Estill. Pet'r's Objs. 2. Furthermore, Petitioner "objects to the entire report at length because the facts are written contradictory to the record." *Id.* The Court, however, may only consider objections to the R&R that

direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Petitioner's latter objection "to the entire report" is the epitome of a general and conclusory objection. His former objection, while specific, is irrelevant to the Magistrate Judge's recommendation. Petitioner had already raised the issue of his detention in the special housing unit in another action before the Court. Thus, the Court need not conduct a de novo review, and, having reviewed the R&R for clear error, the Court finds the Magistrate Judge's recommendation to be proper. Petitioner's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed Petitioner's § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's petition is **DISMISSED** *without prejudice* and without requiring Respondent to respond.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 21, 2013